IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOSE MIGUEL HILARIO,

    Petitioner,

v.                                                 CASE NO. 5:13-cv-266-WS-GRJ

WARDEN, FCI MARIANNA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in federal custody proceeding *pro se*, initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner has neither paid the habeas corpus filing fee nor moved for leave to proceed as a pauper. Further, because it is clear that Petitioner is not entitled to habeas relief, and the instant Petition is successive, the undersigned recommends that this case be dismissed.[1]

Petitioner's claims stem from his guilty plea and 150-month sentence in the District of Rhode Island following his guilty plea to one count of distribution of child pornography and one count of possession of child pornography. It appears that Petitioner never appealed his sentence; nor did he ever file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

In the instant petition, Petitioner sets forth a number of claims that are, in most respects, vague and indecipherable. Petitioner contends that his conviction is void *ab*

---

[1] Pursuant to Habeas Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent.

*initio* for several reasons that do not appear to have any foundation in fact or law.

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241. Section 2255 states that an application such as this "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]" Here, Petitioner never filed for relief under 28 U.S.C. § 2255, and the instant petition is therefore statutorily barred.

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255(e) which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, "[t]he existence of the statutory bar on second and successive motions cannot mean that § 2255 is inadequate or ineffective to test the legality of [Petitioner's] detention within the meaning of the savings clause." *Hardy v. United States*, 443 F. App'x 489, 492 (11th Cir. 2011) (quoting *Gilbert v. United States,* 640 F.3d 1293, 1308 (11th Cir. 2011)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman CI (Medium)*, — F.3d —, 2013 WL 646089, at *3 (11th Cir. Feb. 22, 2013) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

While the Eleventh Circuit "has [] shown a willingness to allow a prisoner to bring a § 2241 motion pursuant to the § 2255(e) savings clause if the Supreme Court decided a 'retroactively applicable, circuit law-busting decision' that 'established that he had been convicted of a 'non-existent crime,'" Petitioner has pointed to no such decision in this case. *Hardy*, 443 F. App'x at 493 (quoting *Wofford v. Scott,* 177 F.3d 1236, 1242–45 (11th Cir.1999)). In light of the fact that Petitioner has not met his burden of

demonstrating that the § 2255 remedy was inadequate or ineffective, and has not shown that he is entitled to invoke the savings clause of § 2255(e), the undersigned concludes that the instant petition is barred.

Further, this Court recently dismissed a similar § 2241 petition because Petitioner failed to show that he was entitled to habeas corpus relief pursuant to the savings clause. *See Hiliario v. Warden*, Case No. 5:13-cv-24-SPM-GRJ, Doc. 10.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DISMISSED as frivolous, successive, and an abuse of the writ.**

**IN CHAMBERS** this 5th day of August 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.